# 7654

No. 7654

Court of Appeal — Parish of Orleans.

- - - - - - -

Schmidt & Zeigler, Limited.

versus

V. S. Dantonio & Company.

- - - - - - -

- - - - - - -

Dinkelspiel - J.

This controversy is based on a written agreement entered into between plaintiffs and defendants as follows;-

" 11- 16- 18- V. S. Dantonio, 250 cases of Olive Oil to be taken out as needed in one year from date. Cases- Quarts $5.00. Pints $5.15, as wanted, two per cent for cash". Signed- V. S. Dantonio".

The petition alleges that, on the 16th. November, 1916, by written contract, they purchased from defendants herein, 250 cases of Italian Beauty Olive Oil at a price, Quarts $5.00. Pints $5.15, which contract is hereto annexed and made part of the petition, and under the terms of said contract delivery was to be made to petitioners within one year from the date of said contract as required and requested by petitioners.

They further allege that, defendants from time to time delivered under said contract, unto petitioners, 130 cases of said oil, but refuses to deliver to petitioners the remaining 120 cases due under said contract.

That petitioners have made repeated demands on defendants to make delivery of the remaining 120 cases of oil, and on October, 29th. 1917 placed defendants in default, and that the balance of the oil 120 cases has never been delivered to petitioners.

Petitioners finally claim, that the advance between the purchase price and the market price at which said oil had been sold to other merchants in this City at the time was $3.75, per case in excess of the agreed price, and therefore they are entitled to that difference on 120 cases of oil amounting to the sum of $450. for which they pray for judgment in their favor.

There was an exception filed which pleaded, that if the petition herein is predicated upon the contract quoted, that same shows no cause of action.

This exception being overruled, defendants answered,

160

denying that they intended or purported, that the memoranda filed by plaintiffs and signed by one of the defendants was in the nature of an absolute contract+ for the purpose of sale of the stated quantjty of olive oil at the fixed price, and aver that said memoranda upon which plaintiffs have based their claim was not a binding contract, because they would be held bound to sell without any obligation on the part of plaintiffs to buy.

They further allege, that they offered a quantity of olive oil in June 1917, but plaintiffs refused to accept the terms of it, and further aver, that the memoranda as such was not a contract, and therefore they can not be liable thereon, and pray that the suit be dismissed.

It is evident to our minds, that the writing was an absolute contract between the parties. It contains all the elements of a sale, the quantity is certain, the price fixed and the term of delivery stated, and both parties were bound thereby. C. C. Art. 1930,"Damages for vi&lation of contract. The obligations of contract extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages which the other party has sustained by his default".

Art. 1934. Civil Code. "Damages.; Measure. When the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived."

A distinction between the case quoted by defendants in 36 Ann. page 35, Campbell vs. Lambert, and the one presently considered is very evident.

161

In the case referred to, amongst other things, the Court goes on to say; at page 36: "From January to June, the price was such, that defendants could have supplied coal under their agreement without loss. During this period plaintiff ordered of them less than 1500 bbls. of the 60.000. bbls., together with 20,000. bbls., more to be delivered;" and the Court goes on to say that, "from June 1st, coal began to advance and on the 1st of September, 1879, a disastrous storm occasioned by the sinking of a large coal fleet lying at this port, this caused a large advance in price and a consequent increase in the size of plaintiff's orders on defendant, hence it was utterly impossible under the circumstances to deliver the amount of coal required for reasons stated".

The Court in that case referred to a prior case in the 35 Ann. Campbell vs. Short, page 447, where the Court said: - Syllabus:- "In a contract for delivery of coal by one of the contracting parties to the other within a given time and the contract is silent as to the quantity, parole evidence is admissible to show the real intentions of parties in this respect and explain its meaning." And at page 449: - "The contract is silent as to precise quantity of coal defendants would or could order within the time prescribed", and therefore held the contract not binding.

We have carefully read all the evidence, and it would be idle to go into details as it would accomplish no results.

In this case, defendants were dealers in olive oils, had the goods on hand, and from time to time as requested by plaintiffs made deliveries. The contract was fixed and determined, there was nothing uncertain or evasive. Under said contract defendants delivered 130 cases of oil as

162

requested, and only on account and because the price of obl advanced subsequently they failed to comply with their contract.

It has been shown that defendants sold to the firm of J. & M. Schwarbacher for $7.90. per case, which was resold up to $9.50. and $11.00. per case.

Plaintiffs have proved that the fair value of the difference is $3.75, per case for 120 cases, for which, in our opinion they are entitled to judgment. C. C. Art. 1938. Then follows, Southern Saw Mill Co. Limited, vs. Ducote, 121 La. 1052, alee, 110 U. S. 339.

The Judge of the Court aquo so held and we find his jud -gement to be correct.

Judgment affirmed.